## STATE et al. v. FORTINBERRY. (No. 8789.) *

(Court of Civil Appeals of Texas. Galveston. June 25, 1925. Rehearing Denied Oct. 15, 1925.)

**1. Municipal corporations ☞124(3)—Mayor must be resident six months.**

Rev. St. 1895, art. 1810a, as amended by Acts 36th Leg. (1919) c. 13, now Vernon's Ann. Civ. St. Supp. 1922, art. 3082, setting forth residential qualifications for officer of state, county, precinct, or municipality, repealed Vernon's Sayles' Ann. Civ. St. 1914, art. 792, requiring year's residence of mayor of town as qualification, and such officer now must be resident of town only six months, but such statute does not affect any constitutional provisions, in view of declaration therein requiring person elected to offices named to be eligible to hold such office under Constitution.

**2. Statutes ☞167(1)—Subsequent statute revising subject-matter of former one, and intended as substitute therefor, repeals former.**

Though law does not favor repeals by implication, subsequent statute revising subject-matter of former one and intended as substitute therefor, although containing no express words to such effect, repeals former, though former statute be not repugnant.

On Motion for Rehearing.

**3. Quo warranto ☞54—In proceedings in nature of quo warranto to gain possession of office of mayor of incorporated town, statute under which town was incorporated is immaterial.**

In proceedings in quo warranto to gain possession of office of mayor of Goose Creek, an incorporated town, fact that plaintiff, mayor, alleged it was incorporated under Rev. St. 1911, tit. 22, cc. 14 and 15, was immaterial, even if evidence showed that it was incorporated under chapters 1 to 13, inclusive.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Proceeding in the nature of quo warranto by the State and C. R. Myers against C. I. Fortinberry, to determine right to office of Mayor of the City of Goose Creek. Judgment for defendant, and plaintiffs appeal. Reversed, and judgment rendered for plaintiff C. R. Myers.

Horace Soule, Dist. Atty., Stevens & Stevens, and P. F. Dominy, all of Houston, and Mark McCarter, of Goose Creek, for appellants.

Rebel L. Robertson, Morris, Sewell & Morris, Ross & Wood, and R. Wayne Lawler, all of Houston, for appellee.

LANE, J. The city or town of Goose Creek in Harris county, Tex., was on the 7th day of April, 1925, a city or town incorporated and operating under chapters 1 to 13, inclusive, of title 22 of the Revised Civil Statutes of Texas of 1911 with a commission form of government. On said 7th day of April, 1925, appellee C. I. Fortinberry was mayor of Goose Creek and L. L. Huie and D. C. McGary were the two commissioners of said city; said mayor and commissioners as provided by law constituted the board of commissioners, and the governing body of said city. On said 7th day of April, 1925, an election was duly and in all things legally held to elect a mayor, two commissioners, and a corporation judge of the city of Goose Creek. At said election, W. N. Brooks and C. R. Myers were the candidates and the only candidates for the office of mayor. At said election W. N. Brooks received 178 votes and C. R. Myers received 193 votes. The votes so cast were duly and legally canvassed, and the result, as stated, was in manner and form as required by law duly announced, and the city council unanimously declared that C. R. Myers was duly elected mayor of said city.

On the 10th day of April, 1925, C. I. Fortinberry, acting mayor, and L. L. Huie and D. C. McGary, acting commissioners of said city, met and passed the following resolution:

"Whereas, at a meeting of the board of commissioners held in the city of Goose Creek at 8 p. m. on the 7th day of April, 1925, for the purpose of canvassing the returns of the election held in that city on the 7th day of April, 1925, said returns were duly canvassed and the result recorded in the minutes of said meeting, and it appears from said returns that C. R. Myers had received a majority of the votes cast at said election for the office of mayor, and that A. J. Rich and Jack Lindsey had received a majority of the votes cast for the commissioners of said city, and same were duly recorded in the minutes;

"And, whereas it has been made known to the board of commissioners since said meeting, that C. R. Myers, the candidate for mayor of said city of Goose Creek, had not resided within the city limits of the city of Goose Creek, Tex., for a period of twelve months next preceding the election, as required by law; and that he is not eligible to hold the office of mayor of the said city of Goose Creek:

"Therefore, be it resolved by the said board of commissioners of the city of Goose Creek that the action of this board had at said meeting on April 7th, be in all things rescinded, revoked and held for naught in so far as the same concerned C. R. Myers, and that said C. R. Myers being ineligible to hold said office of mayor, and that he cannot legally hold said office, the action of this board in declaring his election in all things is revoked as aforesaid.

"Be it further resolved and it is so ordered, that the present mayor of said city, C. I. Fortinberry, be and he is hereby directed to continue as mayor of said city of Goose Creek, Tex., until such time as his successor shall have been legally elected and duly qualified, and that said mayor take into his custody the records and the corporate seal of said city, and safely keep the same, and that he turn

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted December 2, 1925.

same over to his successor when he shall have qualified under the laws of this state in such cases made and provided."

At the time said election was held at which C. R. Myers was elected he had resided in the city of Goose Creek for seven and one-half months next preceding said election. On the 13th day of April, 1925, Myers took and subscribed to the oath of office in manner and form as required by law, and gave the bond required by law as such mayor.

In pursuance of the resolution passed by Fortinberry, Huie, and McGary, Fortinberry refused to permit Myers to assume the duties of mayor, and refused to deliver to him the record books, seal, and other properties appertaining to said office of mayor and continued to act as mayor of said city himself.

On the 15th day of April, 1925, the state of Texas, by Horace Soule, district attorney of Harris county, Tex., on relation of C. R. Myers, hereinafter called relator, brought this suit against C. I. Fortinberry, hereinafter called respondent.

The plaintiff alleged that the town of Goose Creek is a municipality duly incorporated, and operating under the provisions of chapters 14 and 15 of title 22 of Vernon's Sayles' Civil Statutes, and substantially alleged the facts as above stated. It was also alleged that C. R. Myers was entitled by reason of said election and qualification to the office of mayor of the city of Goose Creek for the term of two years from April 7, 1925. It then alleged and prayed as follows:

"Relator will further show that the city of Goose Creek, is under a contract to Sherman and Yoman, contractors for street and bridge building program in said town in operation and effect at this time, and that by the terms of said contract the said Sherman and Yoman are entitled to have estimates paid for their work on the days and dates specified in said contract, and that, unless the title to the office of mayor of said town is settled and determined and his authority to act as such is not questioned, the people of the incorporated town of Goose Creek and the city itself stands to lose and suffer irreparable injury by reason of being unable to pay the funds of the city of Goose Creek out for work completed according to its contract to the said contractors Sherman and Yoman.

"Wherefore, premises considered, relator prays the court that this his application be filed as information, and that the court grant him permission to file this cause of action, and grant leave to file such information in the matter of a quo warranto, in the name of the state of Texas, that he have his order hereon commanding the clerks of the district courts of Harris county, Tex., to issue process against the respondent requiring him to appear and answer herein, and that, upon a final hearing had upon this information, judgment be entered that the respondent be not entitled to the said office of mayor, as herein mentioned, and that the relator be adjudged entitled to the office of mayor of the incorporated town of Goose Creek, Harris county, Tex., and with a right to receive all the benefits and emoluments thereof and to enjoy all the rights and privileges of same, and that the respondent be required to issue a certificate of election to this relator as mayor of said town and that he be required to turn over and surrender to relator all the city records composed of minute book, docket, tax records, tax receipts, ordinance book, the city seal and such other records belonging, incident, or pertaining to the office of mayor of Goose Creek, and that the defendant be demanded to surrender said office to this relator within ten (10) days from a hearing hereof, for cost of suit and for such other and further relief, general and special, in law and in equity that he may show himself to be justly entitled to."

The petition was sworn to by C. R. Myers.

Respondent Fortinberry answered by general denial, alleged that Goose Creek was incorporated and operating under chapters 1 to 13, inclusive, of title 22 of the Revised Civil Statutes of Texas, and for further defense pleaded that relator, Myers, had not, prior to the election held on the 7th day of April, at which he was elected, resided in Goose Creek for twelve months, and therefore was disqualified to hold the office of mayor, and that, under such circumstances, he (respondent) was entitled to hold said office and discharge the duties thereof until his successor was legally elected and qualified.

By supplemental petition, relator, Myers, denied the allegation of respondent that he was not qualified to hold the office of mayor in that he had not resided in the city of Goose Creek a sufficient length of time to entitle him to hold said office upon his election.

The case was tried before the court without a jury, and judgment was rendered in favor of respondent, Fortinberry, upon the sole ground that relator is not eligible to hold the office of mayor because he had not resided in Goose Creek for twelve months next preceding his election. From the judgment so rendered, relator, Myers, has appealed.

The controlling issue submitted for our determination is: Was article 792, Vernon's Sayles' Civil Statutes of Texas of 1914, passed by the Legislature in 1875, repealed by article 3082 as amended by the Legislature in 1919. Acts 36th Leg. p. 17. If said article 792 has been so repealed, the judgment should be reversed, and judgment should be here rendered for appellant; but, if not so repealed, the judgment should be affirmed.

Article 792 was passed by the Legislature in 1875, and provides as follows:

"No person shall be eligible to the office of mayor unless he possesses the qualifications of an elector, and shall have resided twelve months next preceding the election within the limits of the city."

Prior to 1895 there was no law prescribing a limit of time of residence in this state as a qualification for holding office, but in that year the Legislature passed an act which was carried into the Revised Statutes of 1895 as article 1810a, which provided:

"No person shall be eligible to any county or state office in the state of Texas unless he shall have resided in this state for the period of twelve months, and six months in the county in which he offers himself as a candidate next preceding any general or special election, and shall have been an actual bona fide citizen in said county for more than six months."

The Thirty-Sixth Legislature (1919) amended said article 1810a, passed in 1895 (Acts 36th Leg. 1919, p. 17), which said amendment is now article 3082, Vernon's Ann. Civ. St. Supp. of 1922, and which is as follows:

"No person shall be eligible to any state, county, precinct or municipal office in the state of Texas unless he shall be eligible to hold office under the Constitution of this state, and unless he shall have resided in this state for the period of twelve months and six months in the county, precinct, or municipality, in which he offers himself as a candidate, next preceding any general or special election and shall have been an actual bona fide citizen of said county, precinct, or municipality for more than six months."

Prior to the passage of the act of 1895 fixing a residential qualification for a given length of time in order to hold a state or county office, there was no law requiring such qualification—in other words, that one shall have resided in the state or county for any length of time prior to the election at which he might be elected—and in Steusoff v. State, 80 Tex. 428, 15 S. W. 1100, 12 L. R. A. 364, a decision was delivered on the 27th day of March, 1891, holding that one elected to the office of county tax assessor was not ineligible to hold such office because he had not lived in the county for any given length of time. It is entirely probable that such decision prompted the passage of the act of 1895. It will be observed, however, that that act only applies to state and county officers, and did in no wise attempt to repeal, either expressly or by implication, article 792, Rev. St. 1911, which only prescribes a residential qualification for one to hold the office of mayor of a municipality. But in 1919 the Legislature amended the act of 1895, so as to read:

"No person shall be eligible to any state, county, precinct or municipal office in the state of Texas unless he shall be eligible to hold office under the Constitution of this state, and unless he shall have resided in this state for the period of twelve months and six months in the county, precinct, or municipality, in which he offers himself as a candidate, next preceding any general or special election and shall have been an actual bona fide citizen of said county,

precinct, or municipality for more than six months."

[1] We are clearly of opinion that the act of 1895 as amended by the act of 1919, now article 3082, Vernon's Ann. Civ. St. Supp. 1922, repealed article 792 of Revised Statutes 1911, which was passed in 1875. The old act of 1875 provides a residence of twelve months as a residential qualification of a mayor of a municipality. Article 3082, subsequently passed in 1919, provides a residence of only six months as a residential qualification of a mayor of a municipality. If then, by the passage of the subsequent act (article 3082) the Legislature intended to provide that one who resides in a municipality for six months next preceding the election at which he is elected, if otherwise qualified, shall be eligible to hold the office of mayor of a municipality, such act is clearly in conflict with article 792, which prescribes such residential qualification as twelve months. Such being the fact, the subsequent act repeals the former act by implication.

Where a later act entirely covers the subject-matter to which an earlier statute relates (as does the act of 1919), the prior act must be considered as repealed by substitution. * * * A statute, which as to a certain subject-matter of a previous statute creates a new and entire and independent system respecting that subject-matter (as does act of 1919), will repeal, without express words to that effect, so much of the prior statute as is inconsistent therewith. Jessee v. De Shong (Tex. Civ. App.) 105 S. W. 1011; Galveston H. & H. Ry. Co. v. Anderson (Tex. Civ. App.) 229 S. W. 998 at page 1001, and authorities there cited; State of Texas v. T. & N. O. R. R. Co., 58 Tex. Civ. App. 528, 125 S. W. 53, and authorities there cited.

We think the act of 1919, now article 3082, was intended by the Legislature to comprehend and cover the entire subject-matter relative to the residential qualification of state, county, precinct, and municipal officers, and that it was intended that such act should, and that it does, comprehend the entire subject-matter, and that it was intended that it should be substituted for all prior statutes on that subject, and that it does operate as a repeal by reasonable implication all statutes in so far as they are in conflict therewith.

[2] It is in effect held in all the cases cited that, while the law does not favor repeals by implication, it must nevertheless be held that a subsequent statute revising the subject-matter of a former one, and evidently intended as a substitute therefor, although it contains no express words to that effect, does operate to repeal the former; that, though a subsequent statute be not repugnant to a former one, yet, if it was clearly intended to prescribe the rules which should govern, it repeals the prior statute.

We find from the evidence that the town or city of Goose Creek was lawfully incorporated and operating under chapters 1 to 13,

inclusive, of title 22 of our Civil Statutes, on the 7th day of April, 1925, when the election in question was held, and that article 3082 applies to the officers of such municipality.

Having reached the conclusions above expressed, we hold that appellant C. R. Myers was duly elected mayor of Goose Creek, and he is not disqualified from holding said office.

We therefore reverse the judgment, and here render judgment for C. R. Myers as prayed for in his petition.

Reversed and rendered.

## On Motion for Rehearing.

Counsel for appellee, Fortinberry, have filed a very able motion for rehearing in this cause, and therein, among other things, have strongly and vigorously insisted that this court erred in holding that:

"The act of 1919, now article 3082, was intended by the Legislature to comprehend and cover the entire subject-matter relative to the residential qualification of state, county, precinct, and municipal officers, and that it was intended that such act should and that it does comprehend the entire subject-matter, and that it was intended that it should be substituted for all prior statutes on that subject, and that it does operate as a repeal by reasonable implication of all statutes in so far as they are in conflict therewith."

Literally interpreted, the statement that "it was intended by the Legislature to comprehend and cover the entire subject-matter relative to residential qualifications of state and county officers" may be said to include officers whose residential qualifications are prescribed by the Constitution, but we think that it is clear, when the statement is read as a whole, that it should be understood, as referring to the legislative enactments, statutory law, and not to constitutional provisions.

The Legislature had in mind, when it passed article 3082, as amended in 1919, that the residential qualifications of some officers were fixed by the Constitution, for they expressly declare in said article that, before any person can be elected to any of the offices named, he shall be eligible to hold such office under the Constitution. Certainly the Legislature, in providing that no person shall be eligible to any state, county, precinct, or municipal office unless he shall have resided in the state, county, precinct, or municipality for six months, did not intend to substitute such provisions for the provisions of the Constitution, fixing residential qualifications of officers. However, keeping in view the several general enactments of the Legislature, relative to the residential qualifications, it is clear, we think, that by the passing of the act in 1919 (article 3082) the Legislature did intend to substitute such act for all prior general statutory laws relative to the residential qualifications of state, county, and municipal officers.

In our original opinion, we stated:

"Article 792 was passed by the Legislature in 1875, and provides as follows: 'No person shall be eligible to the office of mayor unless he possesses the qualifications of an elector, and shall have resided twelve months next preceding the election within the limits of the city.' Prior to 1895 there was no law prescribing a limit of time of residence in this state as a qualification for holding office, but in that year the Legislature passed an act which was carried into the Revised Statutes of 1895 as article 1810a."

What we meant to say was that, by article 792, passed in 1875, the Legislature provided that no person should be eligible to the office of mayor or alderman of any city unless he possessed the qualification of an elector and shall have resided twelve months next preceding the election within the limits of the city, and that prior to 1895 there was no general statutory law prescribing a limit of time of residence in this state as a qualification for holding office, except the general law (article 792) relating to mayor and alderman of cities, but in that year the Legislature passed an act which was carried into the Revised Statutes of 1895 as article 1810a. And again, on page 6 of our opinion, we stated that, prior to the act of 1895, fixing the residential qualifications for a given length of time in order to hold the state or county office, there was no law requiring such qualifications. We now modify that statement by stating that there was no "statutory" law requiring such qualifications.

The Legislature has from time to time passed special acts by which it created county courts at law in the counties of Harris, Dallas, Jefferson, El Paso, and other counties, and in such acts provided for the election of judges of such courts and provided that no person should be eligible to such judgeship unless he shall have resided in the county for two years next preceding the election at which he was elected.

We are not called upon to decide whether, by the passage of article 3082, those parts of said special acts fixing a residential qualification for judges, were repealed, but what we do decide is that, by the passage of said article 3082, article 792, a general law, was repealed.

[3] We cannot sustain the contention of appellee that, as the plaintiff Myers had alleged that he was elected mayor of a town, incorporated under chapters 14 and 15 of title 22, he could not recover, in that it was shown by the undisputed evidence that such city or town was not incorporated under the statute named, but that it was incorporated under chapters 1 to 13, inclusive, of title 22. As we have already said, it is clearly made to appear from the allegations of the petition of the plaintiff that he sues for the office of mayor of the city or town of Goose Creek,

and it was, we think, immaterial as to whether such city or town was incorporated under one statute or another.

Having made the corrections as above indicated, we overrule the motion.