## AWALT et al. v. BEEVILLE INDEPENDENT SCHOOL DIST. et al.

### No. 12027.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 28, 1949.

Rehearing Denied Feb. 8, 1950.

914

Huson & Bissett, Refugio, Allen Wood, Corpus Christi, for appellants.

R. E. Schneider, Jr., George West, Reese D. Wade, Beeville, for appellees.

NORVELL, Justice.

By this suit A. L. Awalt and six others attacked the validity of an order entered in accordance with the provisions of Articles 2922a and 2922c, Vernon's Ann.Civ. Stats., purporting to annex a number of common school districts to Beeville Independent School District. Appellants also asserted that an election held, purporting to authorize the levy of a maintenance tax and the assumption of certain bonded indebtedness was and is void and that no valid levy and assessment of taxes was made against the property lying within the district.

Trial was to the court without a jury and judgment rendered that appellants, the plaintiffs below, take nothing. No findings of fact or conclusions of law were requested, consequently we presume that all issues having support in the evidence were found in favor of appellees, Beeville Independent School District and the County Boards of School Trustees of Bee and Live Oak Counties.

Appellants contend that more than seven elementary school districts are involved and that the provisions of Articles 2922a and 2922c, as they existed prior to the 1947 amendment thereto, apply to the election here involved. Said Article 2922a provided, among other things, that the county school trustees should have authority to form rural high school districts by annexing one or more common school districts to an independent school district of two hundred and fifty or more scholastic population. Article 2922c provides that if the proposed rural high school district contains over one hundred square miles an election must be held. If seven or less districts be involved in the annexation proceedings, a majority vote throughout the entire proposed district is sufficient, but if more than seven districts are included in the proposed annexation it is necessary that the proposition carry by a majority of the votes cast in each of the several districts involved. The rural high school district under attack here contained an area greater than one hundred square miles. The annexation proposition carried in Beeville Independent School District (which was then an independent school district of over 250 scholastics), but was defeated in all of the common school districts sought

to be annexed. Because of the large vote in the Beeville Independent School District and the comparatively light vote in the common school districts, the annexation proposition carried by a substantial majority of the votes cast throughout the area sought to be included within the proposed rural high school district.

One of the common school units included within the proposed rural high school district was the Cadiz County Line Common School District, which lies partly in Bee County and partly in Live Oak County. Appellants contend that this district must be considered as two districts. If so, there would be eight and not seven districts involved in the proposed formation of the rural high school district.

This Cadiz district was created in 1920, by action of the County Boards of School Trustees of both Bee and Live Oak County. It included all of Common School District No. 9 of Bee County, as it then existed, and a part of Lapora Common School District No. 7 of Live Oak County.

In issuing the order for an election upon the annexation proposition, the Live Oak County Board (August 4, 1947) fixed a voting place within Live Oak County for the Cadiz District, while the Bee County Board (August 5, 1947) fixed a voting place within Bee County for the Cadiz District. The election was held on August 30, 1947, and shortly thereafter (Live Oak County Board, Sept. 12, 1947, Bee County Board, Oct. 5, 1947) the County Boards canvassed the returns and declared that the annexation proposition had carried by a vote of 272 votes "for" and 131 votes "against."

Assuming that the restrictions of Article 2922c, relating to more than seven districts (as they existed prior to the 1947 amendment) are applicable to this annexation election, we are of the opinion that the Cadiz County Line District, although embracing territory in two counties, is properly considered as constituting one district only. In determining the number of districts involved in the annexation proceedings, we must consider the status of said districts at the time of the election

and the proceedings had with reference thereto. The Cadiz District was not that type of district which is composed of several component parts having a status apart from that of the inclusive district. It constituted a single unit. The fact that two polling places, one in Bee County and one in Live Oak County, were designated within the Cadiz District does not alter the situation. It remained but one school district. Consequently, as only seven districts were affected by the proposed annexation, a favorable vote in each of the districts involved was not required. A majority of the votes in the area covered by the seven districts considered as a unit was sufficient. We overrule appellants' first point.

On October 7, 1947, shortly after the County Boards had canvassed the returns of the annexation election and announced the results, the persons who comprised the Board of Trustees of the Beeville Independent School District *before* the six common school districts were annexed to it, purporting to act as trustees of the enlarged district, called an election for October 21, 1949, to determine whether or not the district should be authorized to levy a maintenance tax of $1.50 upon the $100 valuation of property, and also to determine whether or not certain bonded indebtedness of the old Beeville District should be assumed by the new district.

Appellants contend that the election was void for the reason that it was not called by a proper legal authority. It is asserted that a new board of trustees should have been chosen in accordance with the provisions of Articles 2774a, § 4, 2922a, and 2922e, Vernon's Ann.Civ.Stats., and that the Board of the old Beeville Independent School District was not authorized to act.

Appellees counter with the contention that the district, as enlarged by annexation, constituted a successor independent school district to the Beeville Independent School District theretofore existing, and, consequently, the trustees of the predecessor district were authorized to call the election, as their successors had not been chosen, nor had they qualified. In the alternative, appellees assert that the persons who called the election were at

least de facto trustees and their action must be accorded verity in this proceeding.

■ In our opinion, the enlarged district here involved was composed of seven elementary districts. Its trustees should have been elected from the district at large or appointed by the Bee County Board of School Trustees, in accordance with the applicable statutory provisions relating to rural high school districts. (The orders of the Live Oak and Bee County Boards declaring the result of the annexation election provided that Bee County should have supervision of the District. Article 2922d.) [1]

■ We are, however, of the opinion that appellees' alternative contention should be sustained and that the acts of the persons calling the maintenance tax and bond assumption election must be recognized as valid in this proceeding. Said persons were at least de facto trustees. They pur-

[1]. In the Whitsett Case (Live Oak County Board of School Trustees v. Whitsett Common School District), 181 S.W.2d 846, this Court held that when an enlarged district was formed under the provisions of Articles 2922a and 2922c by annexing common school districts to an independent school district, the district so formed became a rural high school district which included a number of elementary districts. We held that the component elementary districts did not lose their identity and become merged with the nuclear independent school district, for the reason that the approval of the board of trustees of each district involved had not been secured. See Articles 2922a and 2922b. The 1947 amendment to Article 2922a, which became effective 90 days after June 6, 1947, omits the requirement relating to the approval of the boards of trustees of the districts affected. Appellees contend that as the statute no longer contained this requirement, that Article 2922b, on the effective date of the Act amending Article 2922a, operated to create and bring into existence an independent school district possessing the powers and authority of a rural high school district and composed of one elementary district. In other words, it is contended that the common school districts lost their identity, became merged with the nuclear independent school district, and that the new district resulting thereby was the successor of the old Beeville Independent School District, whose trustees were authorized to act until their successors had been duly elected and qualified. Appellants in turn suggest that the new district sought to be created was not a rural high school district within the comprehension of Article 2922d, relating to County line rural high school districts, and that its attempted organization was void as there was no compliance with the law relating to the enlargement of independent school districts which are not also rural high school districts.

In the proceedings involved in the Whitsett case, the County Board attempted by annexation to create one independent school district and then attempted to enlarge said district. This is made clear by the orders of the County Board. See Live Oak County Board of School Trustees v. North Common School District, Tex.Civ.App., 195 S.W. 436, affirmed, North Common School District v. Live Oak County Board of Trustees, 145 Tex. 251, 199 S.W.2d 764. In the present case, the orders of the County Boards indicate that the intention was to create a rural high school district composed of a number of elementary school districts. The orders contain no provision substantially following the language of Article 2922b (wherein a classification of rural high school districts is attempted), to the effect that said district as so enlarged "shall retain its status and name as an independent school district, and shall continue to operate as an independent school district under the provisions of the existing laws, * * *." On the contrary, said orders provide, "That a Rural High School District, to be known as Beeville Independent School District be, and the same is hereby formed and established by annexing Candlish Common School District No. 28 (and five other named common school districts) to the Beeville Independent School District of Bee County, under and by virtue of Chapter 19-A Revised Statutes, 1925, as amended." The County Boards did not seek to take advantage of the Legislative omission of the requirement that the trustees of all affected districts consent to the annexation before an enlarged unitary independent school district could be formed. Said boards apparently sought to form a rural high school district composed of a number of elementary districts, which course was and is permissible under Articles 2922a and 2922c, before and after the 1947 amendment thereto.

ported to act for and on behalf of the enlarged district. Their claim of authority was at least colorable. The statute relating to the status of a district formed by annexing common school districts to an independent school district is complex in application and affords the basis for a good faith belief on the part of the trustees of the old Beeville Independent School District that they automatically became trustees of the new rural high school district bearing the same name. The Bee County Board of School Trustees acquiesced in the assumption of authority by this old Board of Trustees. The County Board did not call an election for the selection of trustees for the new district, nor did they appoint trustees to take charge of the affairs of the district pending such election. Apparently, no one questioned the authority of the board of trustees of the old independent school district to handle the affairs of the new district, employ teachers and operate the schools, presumedly in conjunction with the State Board of Education, from the date of the formation of the district, in August and September of 1947, until the present suit was filed on May 6, 1948. It further appears from the statement of facts that the transcript of the refunding bonds issued in accordance with election now questioned was submitted to the Attorney General in December of 1947, as required by Article 2670, Vernon's Ann.Civ.Stats., and that said bonds were approved as to legality by said officer acting in accordance with statutory authority.

■ It is suggested by appellants that the period of recognition by both local and state authorities, as hereinabove set out, can not properly be considered by us in determining whether or not those who called the election were de facto trustees, inasmuch as the calling of said election took place immediately after the formation of the new district, and at that time no action had been taken by either state or local officials which would evidence a recognition of authority or an acquiescence in the assumption of authority by the acting trustees. We are not in accord with appellants' position. In the case of alleged de facto officers wherein recognition and acquiescence becomes a factor, the period of unquestioned assumption or exercise of authority must be considered as a unit. It cannot be said that an action taken at the beginning of such term is void although the same action would be accorded verity if taken near the end of the period. The trial court could properly consider all circumstances and actions existing and occurring between the assumption of authority by the purported board and the filing of this suit. From such circumstances and actions, the trial court could likewise properly conclude that those purporting to act must be regarded as de facto trustees. That conclusion seems well supported by the authorities. Ex Parte Tracey, Tex.Cr.R., 93 S.W. 538; City of Christine v. Johnson, Tex.Civ.App., 255 S.W. 629; 43 Am.Jur. 225, § 471; 34 Tex. Jur. 614, §§ 161, 162, 163.

■ The present case is clearly distinguishable from Countz v. Mitchell, 120 Tex. 324, 38 S.W.2d 770, where an election called by a county judge, instead of a County Board of School Trustees, was held void for the reason that there was no statutory authority authorizing a *county judge* to call such election. The election call here involved purports to be the act of officials authorized by law to order the election. The election was ordered by de facto officers, whose actions are not subject to question in this proceeding. Bowen v. Board of School Trustees of Panola County, Tex.Civ.App., 16 S.W.2d 424, 425, wherein it is said that, "The proper remedy for testing the validity of a corporate organization, or the right of de facto officers to assume and exercise official functions, is by a quo warranto proceeding in the name of the state." Reynolds v. Cobb, Tex.Civ.App., 196 S.W.2d 60; Cole v. Forto, Tex.Civ.App., 155 S.W. 351; 43 Am.Jur. 241, § 495, 34 Tex.Jur. 629, § 171.

■ We hold that the bond assumption and maintenance tax election was not wholly void. It is not subject to collateral attack. Appellants' second point is overruled. What we have said also disposes of appellants' sixth point, presented by means of a supplemental brief, which is likewise overruled.

918

By their third and fourth points appellants complain of the alleged insufficiency of the notice given of the bond assumption and maintenance tax election, and the fact that only one voting place (located in the City of Beeville) was designated for the entire district. It appears that in addition to the official notices posted there was considerable newspaper publicity given to the impending election. It is not shown that qualified voters failed to cast their ballots because they had no notice of the election or that the voting place was so inconvenient as to prevent their voting. If irregularities be admitted then it is not shown that such irregularities probably affected the result of the election. The attack made here upon the validity of the election is collateral in nature and in our opinion the election was not void. The following authorities seem to effectively answer appellants' third and fourth points, which are accordingly overruled. Hill v. Smithville Ind. School Dist., Tex. Com.App., 251 S.W. 208; Waters v. Gunn, Tex.Civ.App., 218 S.W.2d 235; State ex rel. Wilkinson v. Self, Tex.Civ.App., 191 S.W.2d 756; Oakville Ind. School Dist. v. Live Oak County Board of School Trustees, Tex.Civ.App., 178 S.W.2d 547.

By their fifth point, appellants attack the validity of the levy and assessment of taxes made by the purported officers of the district. Under this point appellants present a well prepared analysis of the various constitutional and statutory provisions applicable to assessment and collection of taxes by a school district. Much of appellants' argument is, however, answered by the holding that the actions of the board of trustees purporting to act for and in behalf of the rural high school district here involved must be accorded verity in this proceeding as the actions of a de facto board of trustees. The action of this board in appointing a tax assessor and collector and a board of equalization is not here open to question. This is not a suit in which the collection of taxes assessed upon any particular property is resisted because of alleged excessiveness or some similar ground. None of the appellants testified up-

on the trial. They did not say that an excessive valuation was placed upon their property. It is asserted that each and every assessment made by the District is void. In view of the judgment rendered, we are required to credit evidence favorable to appellees upon disputed issues, and when this is done we cannot say that the entire levy and assessment of taxes attempted or effected by those acting as officials of the district was and is wholly void. We overrule appellants' fifth point. Blewett v. Richardson Ind. School Dist., Tex. Com.App., 240 S.W. 529; Shriber v. Culberson, Tex.Civ.App., 31 S.W.2d 659; McPhail v. Tax Collector of Van Zandt County, Tex.Civ.App., 280 S.W. 260.

Having disposed of all of appellants' points and concluding that none of them discloses a reversible error, an affirmance of the judgment of the district court is accordingly ordered.

Affirmed.

BROETER, J., not participating.