STATE OF TEXAS v. JOHN W. BRADY, COUNTY ATTORNEY.

No. 1950.    Decided April 14, 1909.

**1.—Statute—Repeal—Saving Clause.**

When a statute repeals another, with a saving clause or proviso attached by which the right of some person or of the State is reserved, such proviso or saving clause must be strictly construed. (P. 415.)

**2.—Same—Procedure.**

When a statute repeals a pre-existing law, with a clause saving the rights of a State, the right of action only is preserved. The recovery or enforcement of the right under such conditions must be prosecuted under the new law or some other existing law. (P. 415.)

**3.—Same.**

The Anti-trust Act of 1903 (Laws 28th Leg. pp. 119-123) which repealed the Anti-Trust Act of 1899 (Laws 26th Leg. pp. 246-252) reserving only to the State of Texas its rights to recover penalties or forfeit charters of domestic corporations or prohibit foreign corporations from doing business in this State, for acts committed before this Act takes effect, repealed thereby section 9 of the Act of 1899, by which the prosecuting attorney was entitled to receive for his compensation one fourth of the penalty collected. (Pp. 413–416.)

**4.—Same.**

The language of the saving clause in the Act of March 31, 1903 (Laws 28th Leg. pp. 119-123) preserves only the rights of the State, and limits the right so preserved to recovery of penalty, procuring forfeiture of charters, and denying the privilege to do business in the State, for acts committed prior to the repeal of the Anti-Trust Act of 1899; and executive construction of its effect can not prevail over its plain provisions. (Pp. 415, 416.)

**5.—County Attorney—Collection of Penalties—Fees.**

The same fees that are allowed to the prosecuting attorney for collecting penalties under the Anti-Trust Law of 1903 will apply also to collections of penalties for violations of the Anti-Trust Law of 1899, the right to which was saved in the repeal of that law by the Act of 1903. (Pp. 416, 417.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Williamson County.

The State brought suit against Brady, County Attorney, to recover various sums of money upon the ground that defendant, who had represented plaintiff in suits prosecuted to final judgment for violations of the Anti-Trust Law of 1899 after the passage and taking effect of the Anti-Trust Law of 1903, had retained as his fee or commission 25 percent of each of the judgments obtained and collected by him, instead of the commission allowed him by article 297 of the Revised Statutes of 1895. It was claimed that the Anti-Trust Law of 1903 repealed the provision of the Anti-Trust Law of 1899, giving District and County Attorneys 25 percent of the penalties recovered by them for the State. Defendant had judgment, from which plaintiff appealed and on its affirmance obtained writ of error.

*James R. Hamilton,* District Attorney, and *J. M. Patterson,* for plaintiff in error.—The Anti-Trust Act of 1903, pp. 119-123, expressly repeals and did repeal every part and provision of the Anti-Trust Act of 1899, pp. 246-252, reserving only to the State of Texas its rights "to recover penalties or forfeit charters of domestic corporations, or prohibit foreign corporations from doing business in this State, for acts committed before this act takes effect." Laws, 1903, pp. 119-123.

If the Anti-Trust Act of 1903 had not expressly repealed the Anti-Trust Act of 1899, the provision in the Act of 1899 would have stood repealed from the time the Act of 1903 took effect by implication or substitution, the Act of 1903 being a comprehensive and complete law and intended by the Legislature to take the place of all other laws on the subject and the provision in the Act of 1899 giving county and district attorneys 25 percent of the penalties collected being omitted in the Act of 1903. Bryan v. Sundberg, 5 Texas, 418, 423; Bryan v. Harvey, 11 Texas, 311; Cain v. State, 20 Texas, 355, 370; Hunt v. State, 7 Texas Crim. App., 212, 232; Harold v. State, 16 Texas Crim. App., 157, 158; Ex parte Vaccarezza, 52 Texas Crim. Rep., 311; Endlich on Interpretation of Statutes, sec. 384, p. 537; United States v. Claflin, 97 U. S., 546, 551; King v. Cornell, 106 U. S., 395; United States v. Ranlett, 172 U. S., 133; Murphy v. Utter, 186 U. S., 104; State v. Shower, 34 Kan., 269, 8 Pac., 474; Reeves' Appeal, 33 Pa. Super. Ct., 201; In re Connellan, 56 N. Y. S., 157; Wilson v. Massie, 70 Ark., 25, 65 S. W., 942; Lawyer v. Carpenter, 97 S. W., 662; Western Union Tel. Co. v. State, 101 S. W., 745.

A saving clause in a repealing statute must be strictly construed and saves nothing except that which is fairly within its terms; and he, who claims under such a clause, must bring himself within both the letter and spirit thereof. Tyson v. Britton, 6 Texas, 224; Roberts v. Yarboro, 41 Texas, 449; Collins v. Warren, 63 Texas, 311, 315; Wallace v. Stevens, 74 Texas, 559; Less v. Ghio, 92 Texas, 651, 654;

United States v. Dickson, 15 Pet., 141, 165; Ryan v. Carter, 93 U. S., 78, 83; Sutherland on Statutory Construction, sec. 225; 26 Am. and Eng. Enc. of Law, 680; Covington v. Frank, 77 Miss., 606; Steen v. Kirkpatrick, 84 Miss., 63; Paxten & Hersney Irrigation Co. v. Farmers' & Merchants' Irrigation Co., 45 Neb., 900; Flinckinger v. Fisher, 119 Mo., 351; Read v. Henderson, 57 S. W., 78, 80; McFadden v. Blocker, 48 S. W., 1043, 1045; United States v. Allston-Newhall Co., 91 Fed., 525, 529; Towson v. Denson, 86 S. W., 661; State v. City of St. Louis, 73 S. W., 623, 629; Dickinson v. State, 41 S. W., 759, 760; Lewis' Ex'r v. Casenave, 6 La., 437.

The saving clause in the Act of 1903 preserved to the State of Texas alone its substantive rights to recover penalties, forfeit charters, and prohibit foreign corporations from doing business for violations of the repealed laws; that is, the right of action or prosecution is preserved to the State for violations of the repealed laws, and not the remedies and modes of procedure to enforce the cause of action or prosecution, it being the universal rule that the reservation of a cause of action given by a repealed statute must be prosecuted under the remedy given by law at the time the case is tried, and that the reservation of the right or cause of action does not preserve the remedy given by the repealed statute for its enforcement. Endlich on Statutory Interpretation, secs. 486, 487; Sutherland on Statutory Construction, sec. 226; People v. Livingston, 6 Wend., 526; Lazarus v. Metropolitan Ry. Co., 145 N. Y., 581; McCrea v. Village of Champlain, 56 N. Y. S., 125; National Bank v. Williams, 38 Fla., 305; Mathis v. State, 31 Fla., 291; Mellinger v. City of Houston, 68 Texas, 37, 45; United States v. Chicago, St. P. M. & O. Ry. Co., 151 Fed., 84; Farley v. Geisherker, 78 Iowa, 453; Knapp, Stout & Co. v. McGaffrey, 177 U. S., 638; Sehl v. City of Syracuse, 81 N. Y. S., 482, 488; In re Davis, 149 N. Y., 545; Farmer v. People, 77 Ill., 322; Hepworth v. Gardner, 4 Utah, 439, 442; Southwick v. Southwick, 49 N. Y., 610, 617; Collier v. Lewis, 10 Ind., 58; Brotherton v. Brotherton, 41 Iowa, 112; Pittsburg, C. C. & St. L. Ry. Co. v. Cox, 55 Ohio St., 407; Harris v. Townsend, 56 Vt., 716; People v. Cohocton Stone Road, 25 Hun, 13.

The provision of the Anti-Trust Act of 1899 giving district and county attorneys 25 percent of the penalty collected pertains to the remedy and not to the substantive right or rights of action preserved by the saving clause. Farley v. Geisherker, 78 Iowa, 453; Campbell v. Manerscheid, 74 Iowa, 708; Stone v. Biddle, 68 Ky., 349; Supervisors of Onondaga v. Briggs, 3 Denio, 173; Brooklyn Bank v. Willoughby, 1 Sand., 669; People v. Herkimer, 4 Wend., 210; Thomas v. Western Union Tel. Co., 25 Texas Civ. App., 398; McMeans v. Finley, 88 Texas, 515; Hepworth v. Gardner, 4 Utah, 439; Fargo v. Helmer, 43 Hun, 18; Troup v. Morgan County, 109 Ala., 162; 5 Enc. of Pl. and Prac., 111.

A district or county attorney representing the State had no vested right to the commission allowed him for prosecuting violators of the Anti-Trust Law of 1899 until the penalty was collected by him for the State, and a repeal of the Act of 1899 before institution of suit and collection of penalty limited district and county attorneys to

the commission given by article 297 of the Revised Statutes of 1895. 23 Am. and Eng. Enc. of Law, 392; Cushman v. Hale, 68 Vt., 444, 35 Atl., 382; Fisher v. United States, 15 Ct. Cl., 329; State v. Shufflebarger, 4 Ind., 532; Fears v. Ellis County, 20 Texas Civ. App., 159; State v. Murphy, 47 S. W., 1098; State v. Dyches, 28 Texas, 535; Smith v. State, 26 Texas Crim. App., 49; Boutt v. Feemster, 30 Ky., 131; Stone v. Biddle, 68 Ky., 349; French v. State, 53 Miss., 651, 653; State v. Allen, 46 S. W., 303, 306; State v. Brown, 47 S. W., 504; Farley v. Geisherker, 78 Iowa, 453; Campbell v. Manerscheid, 74 Iowa, 708; Drake v. Jordan, 73 Iowa, 707; Troup v. Morgan County, 109 Ala., 162; Torbert v. Hale County, 30 So., 453; Terry v. Dale, 27 Texas Civ. App., 1, 9.

An executive or department construction of a statute is entitled to respect and weight by the courts when the statute is doubtful and ambiguous and the construction of long standing; but such a construction has no place and weight when the statute is plain and unambiguous, whether it is of long or short standing. It has little or no weight when it is of short standing; and is at best but a rule of interpretation that is not absolutely binding upon the courts in any case; and in no case does it preclude an inquiry by the courts into the correctness of it. The courts should not be bound by the construction placed upon the saving clause in the Act of 1903, because it is plain and unambiguous and the construction of short standing. Sutherland on Statutory Construction, sec. 312; 26 Am. and Eng. Enc. of Law, 635-36; Galveston, H. & S. A. Ry. Co. v. State, 81 Texas, 602; Fire Assn. v. Love, 108 S. W., 810; Commonwealth v. Railroad Co., 95 Ky., 60, 23 S. W., 868; Whittemore v. People, 227 Ill., 453; United States v. Dixon, 15 Pet., 158; Houghton v. Payne, 194 U. S., 88, 99; Ewing v. Ainger, 97 Mich. 381; Eddy v. Morgan, 216 Ill., 437; In re Manhattan Savings Institution, 82 N. Y., 142; Travelers' Ins. Co. v. Fricke, 68 N. W., 958; Deweesse v. Smith, 106 Fed., 438; Merritt v. Cameron, 137 U. S., 551; State v. Murphy, 47 S. W., 1098.

*John W. Brady, Allen & Hart, Gregory & Batts, D. W. Doom* and *D. H. Doom,* for defendant in error.—The Legislature by inserting in the Anti-Trust Law of 1903 a saving clause, or proviso, to the effect that nothing contained in the law of 1903 "shall be held or construed to affect or destroy any rights of the State of Texas to recover penalties . . . for acts committed before" the law of 1903 took effect, preserved and continued in force the Anti-Trust Law of 1899 in all of its provisions, so far as prosecutions are concerned for violations of anti-trust laws occurring between the date of the enactment of the 1899 statute and the enactment of the 1903 statute; and the fees sought to be recovered by the appellee in this action were for this reason rightfully retained by him. Anti-Trust Law 1899 (chap. 146, Gen. Laws 26th Leg., p. 246 et seq.); Anti-Trust Law 1903 (chap. 94, Gen. Laws, 28th Leg., p. 119 et seq.); Commonwealth v. Duff, 87 Ky., 593; Munaugh v. City of Orlando, 27 So., 36; Rogers v. Voss, 6 Ga., 405; Duffus v. Howard Furnace Co., 40 N. Y. Sup. Ct., 925; State v. Hardeman, 16 Ind. App., 358; Oakland Pac. Co. v. Helton, 11 Pac., 3; Rex v. Rogers, 10 East., 573;

Treat v. Strickland, 23 Me., 237; Nanen v. Windle, 3 East., 205; State v. Smith, 62 Minn., 540; Smith v. People, 47 N. Y., 331; State v. Helms, 136 Ind., 123.

The State of Texas being under the provisions of the Anti-Trust Law of 1899 entitled to only 75 percentum of the total penalties recovered in any suit instituted in its behalf by a local prosecuting officer for any violation of that statute, and the Legislature in enacting the Anti-Trust Statute of 1903, having inserted a saving clause, or proviso, to the effect that nothing in the law of 1903 "shall he held or construed to affect . . . any rights of the State of Texas to recover penalties . . . for acts committed before the" law of 1903 took effect, the law of 1903 can not be construed as increasing the amount of penalties which the State is entitled to recover for violations of the law of 1899, as appellant seeks in this case to have done, without doing violence to the express and specific language of said proviso or saving clause, and the State of Texas has not, for this reason, any right to recover of the appellee the fees or any part of the fees sought to be recovered by him in this suit. Same authorities.

The Attorney General's Department of the State of Texas being charged with the executive duty of construing and enforcing the Anti-Trust Law of 1899 and of construing and enforcing the Anti-Trust Law of 1903, and having in the discharge of this duty uniformly construed the law of 1903 as not repealing or affecting that provision of the law of 1899 fixing the compensation of local prosecuting officers for collecting penalties for violations of said statute, and having informed the appellee of said construction, and the appellee on the faith of said construction having brought the suits and collected the penalties set out in appellant's motion, and having, in every instance, with the knowledge and approval of the Attorney General's Department retained the compensation fixed by the law of 1899 for said services, and having bound himself in contracts to pay, and having in fact paid, more than two-thirds of the money so retained in satisfaction of expenses necessarily incurred in performing said services, and said laws being susceptible of the construction so given them by the Attorney General's Department, the courts should not now grant to the appellant any part of the relief that it seeks in this suit, because to do so would leave the appellee without a remedy for a gross injustice, and would inflict upon him an irreparable loss. Edwards v. James, 7 Texas, 221; Cowan v. Hardeman, 26 Texas, 221; State v. Gunter, 36 Texas Civ. App., 381; Pennoyer v. McConnaughy, 140 U. S., 1; United States v. Alabama, etc., R. R. Co., 142 U. S., 615; Edwards v. Dearby, 12 Wheat., 206; United States v. State Bank, etc., 6 Pet., 28; United States v. Macdaniel, 7 Pet., 1; Brown v. United States, 113 U. S., 568; United States v. Moore, 95 U. S., 760; United States v. Union Pacific Ry. Co., 148 U. S., 562; Smith v. Bryan, 100 Va., 199; Wetmore v. State, 55 Ala., 198; Pawin v. Winberg, 130 Ind., 561; Howell v. State, 71 Ga., 229; Matter of Warfield, 22 Cal., 71; Bloxham v. Consumers, etc., 36 Fla., 519; Hinrod Coal Co. v. Stephens, 104 Ill. App., 639; Louisville v. Louisville Water Co., 105 Ky., 754; French v. Cowan, 78 Me., 426;

Kernion v. Hills, 1 La. Ann., 419; Rogers v. Goodwin, 2 Mass., 475; State v. Mayhew, 2 Gill (Md.), 487; Westbrook v. Miller, 56 Mich., 148; State v. Severence, 49 Mo., 401; People v. Dayton, 55 N. Y., 377; Hamson v. People, 97 Ill. App., 429; Kelley v. Multomah Co., 18 Ore., 356; People v. Fidelity, etc., Co., 153 Ill., 25; Com. v. Mann, 168 Pa. St., 290; Comstock v. Cover, 35 Ill., 475; Simpson v. Willard, 14 S. C., 195; Smith v. Buffalo, 90 Hun, 123; Hanison v. Willis, 7 Heisk., 40; Endlich on Interpretation of Statutes, sec. 360; Lewis Sutherland Stat. Con., secs. 473-474 (308-309).

MR. JUSTICE BROWN delivered the opinion of the court.

The parties agreed in writing upon a statement of the facts upon which the trial court gave judgment for Brady and the Court of Civil Appeals adopted the statement which follows and affirmed that judgment:

"1. It is agreed that the facts alleged and set out in plaintiff's petition are true and correct and shall be taken as facts in the trial of this suit, especially as to the official acts of the said John W. Brady, the dates and amounts of the judgments recovered and of the fees retained by the said Brady as county attorney under the Anti-Trust Laws of 1899 and 1903 of the State of Texas. However, it shall not be taken as admitted by the said Brady that the fee alleged in the motion to be the fee allowed by law is the fee allowed him by law, in this respect he only admits that he received as county attorney 25 percent of each respective judgment for penalties as alleged in plaintiff's motion and claims that he was entitled to the same under the law.

"2. It is agreed that in all of the suits named in said motion, except that of J. M. Guffey Petroleum Co., and the facts as to that are correctly stated in defendant's answer, the said John W. Brady appeared and represented the State, under the direction of the Attorney General of Texas.

"3. That on March 31, 1903, C. K. Bell was Attorney General of Texas, and held that office until on or about January 2, 1905. That on July 14, 1904, the said John W. Brady, as county attorney of Travis County, Texas, assisted by D. A. McFall and G. W. Allen, attorneys, brought suit in the District Court of Travis County, Texas, in behalf of and in the name of the State of Texas, against the J. M. Guffey Petroleum Company and the Beaumont Confederated Oil & Pipe Line Company for violations of chapter 146 of the General Laws of the State of Texas of 1899; and by agreement recovered a judgment in said suit for $5,000. That said judgment was collected in full by said John W. Brady on or about December 5, 1904, and that said Brady retained $1,250 as his official fee in said suit of the State of Texas against the J. M. Guffey Petroleum Company and the Beaumont Confederated Oil & Pipe Line Company. That out of said fees he paid under contract to the said two attorneys, two-thirds thereof, for their services therein. That the settlement which resulted in said judgment and collection was at the time approved by said C. K. Bell, Attorney General, as the construction of

the Anti-Trust Laws of 1899 and 1903, by which the said John W. Brady retained one-fourth of said judgment as his official fees therein.

"3½.    It is agreed that in all the judgments rendered in the cases in which collections were made and in which penalties were assessed for violations of the Act of 1899, such penalties were assessed for the minimum penalty of $200 per day for each day's violations, as provided in said Act of 1899, and collections made accordingly.

"4.    That the suit No. 21,046, the State of Texas v. The United States Fidelity & Guaranty Co. et al., was filed while C. K. Bell was Attorney General, but was settled a short time after R. V. Davidson qualified as Attorney General.

"5.    That all the suits named in plaintiff's motion, including those filed and settled under the administration of Attorney General Bell, as well as under the administration of Attorney General Davidson, were settled by agreed judgments, approved in terms and amounts by the Attorney General.    That all of the fees retained by the said John W. Brady in said suits were retained by him in good faith, believing that he was entitled thereto under the law.    That in so retaining said fees he relied upon and followed the construction given to the anti-trust laws of 1899 and 1903, by Attorneys General Bell and Davidson, viz.: That the repeal of the Act of 1899 by the Act of 1903, with the saving clause in the latter Act, had the effect of keeping alive the Act of 1899 as to all acts committed before the Act of 1903 took effect, not only as to the penalties named in the former Act, but also as to all its machinery and provisions for the enforcement of the same, including the compensation of 25 percent to county and district attorneys.    That such construction is still adhered to by the Attorney General's Department of this State.

"6.    That upon the faith of said construction by the Attorney General's Department, the said John W. Brady, with the knowledge and sanction of said Department, employed attorneys and made contracts with them for contingent interest in said fees, based upon the construction that he was entitled to 25 percent of the recovery under the Act of 1899, to assist him and the Attorney-General in the prosecution of each of said suits.    That said attorneys actively assisted in the work of preparing said cases for trial, and performed all legal services therein required of them by the said John W. Brady or by the Attorney-General.    That out of the fees received by him in said cases the said Brady has paid out to said attorneys and in expenses for procuring testimony and preparing the same for trial over two-thirds of the fees actually retained by him upon the faith of said construction."

The Anti-Trust Law of 1903 contained this language:

"That all laws and parts of laws in conflict with this Act be and the same are hereby repealed, . . . and that an Act entitled 'An Act to prohibit pools, trusts, monopolies and conspiracies to control business and prices of articles, to prevent the formation or operation of pools, trusts, monopolies and combinations of charters of corporations that violate the terms of this Act, and to authorize the institution and prosecution of suits therefor,' approved May 25, 1899, and published and known as Chapter CXLVI of the General Laws of the

Twenty-sixth Legislature, be and the same are hereby expressly repealed," etc. "Provided nothing in this Act shall be held or construed to affect or destroy any rights of the State of Texas to recover penalties or forfeit charters of domestic corporations, or prohibit foreign corporations from doing business in this State, for acts committed before this Act takes effect."

The only question in this case is, did that language, quoted from the Act of 1903, repeal this part of the Anti-Trust Law of 1899:

"The prosecuting attorney shall receive for his compensation one-fourth of the penalty collected; provided, the fees allowed the prosecuting attorney representing the State, provided for in this section, shall be over and above the fees allowed him by the general fee bill now in force."

It is a well established rule of construction that when a statute repeals another with a saving clause or proviso attached by which the right of some person or of the State is reserved, such proviso or saving clause must be strictly construed, and will not be held to embrace anything which is not fairly within its terms. (Endlich on Int. Stat., sec. 186; Sutherland Stat. Const., sec. 223.)

When a statute repeals a pre-existing law with a clause saving the rights of the State, as in this case, the right of action only is preserved. The right to recover or to enforce the right under such conditions must be prosecuted under the new law or some other existing law. Endlich Int. Stat., sec. 487; Aaron v. State, 40 Ala., 307; Farmer v. People, 77 Ill., 322; Brotherton v. Brotherton, 41 Ia., 112; People v. Livingston, 6 Wend., 527.

The sound reason given by all the courts for holding that the cause of action which is preserved by a repealing act must be prosecuted under the new law is that a repealed law is not a law, and courts can not adjust rights nor afford remedies to parties without some law upon which to base their action.

The learned counsel for the defendant in error did not controvert either of the propositions that we have laid down, but claimed that the language of the saving clause is sufficient, when considered with the attending circumstances, to justify this court in holding that it was not the intention of the Legislature to repeal that portion of the law of 1899 which provided that the county attorney should receive for his services one-fourth of the recovery. This contention is based upon the words, "any rights," in the saving clause, which counsel ingeniously argued embraced the right of the State to employ and pay counsel for services to be rendered. Waiving the question as to whether the prosecution of causes through the officer of the State is a right within the meaning of the statute, we think that the Legislature so clearly defined the phrase "any rights," that there can be no question as to what was intended to be embraced in that language. If it had said that "no right of the State under the former law should be destroyed," that would be held to preserve all rights of action the State had under that law for acts done prior to the taking effect of the new law, but the Legislature enumerated what character of rights were preserved; limiting those rights to recovery of penalties for violations of the old law, to procuring the forfeiture

of charters of domestic corporations for violations of the old law, and the right to deny to foreign corporations the privilege to do business in this State, for acts committed before the last Act took effect. The reservations are so definitely stated that it does not admit of a construction which will embrace anything more than that which is fairly included within the terms of the reservation. We are unable to see how it can be held that the payment to an officer of a portion of the sum recovered in the prosecution of a case is embraced in the terms of this proviso; indeed, it is absolutely excluded from the proviso by the maxim that the mention of one thing excludes all others.

It is not possible to reach the conclusion that the payment of the fees to the county attorney was necessary to the enforcement of the law of 1899 or 1903, therefore it can not be preserved as being necessary to enforce a reserved right. That the Legislature did not consider it necessary is shown by its omission from the law of 1903.

Counsel also contend that taking into consideration the fact that the new bill omits a number of provisions contained in the old law, which might be important and serviceable in the prosecution of trusts for the violation of the law, we must presume that it was not intended to repeal those important provisions, which would include that which provides for the fees claimed by the defendant in error. However important the provisions of the old law looking to its enforcement might have been considered in the enactment of that law, still a subsequent Legislature had the power, in the enactment of a new law, to omit those which appear to have been most important. It was a question of policy, to be determined by the Legislature, and not by the courts, whether the extraordinary measures authorized by the old should be continued. The Legislature which enacted the law of 1899 doubtless thought it was sound policy to offer to county attorneys the inducement of one-fourth of the recovery to stimulate their action in the prosecution of such cases, but the body which passed the law of 1903 evidently thought the time had passed for the inducement to be beneficial, or may have differed with the preceding Legislature as to the policy of doing so, for in enacting the later law upon the subject almost the identical language that prescribed the duties of officers in prosecuting such cases as well as the fees that should be paid was copied into the new statute except that part which gave to the county attorney one-fourth of the recovery, which shows conclusively that the Legislature intended to change the compensation of the prosecuting attorney in this class of cases. Other changes were made in like manner, whether wisely or not is not a question for this court to determine.

It is said by counsel for the defendant in error that the construction which we place upon the statute will deprive the county attorney of any compensation for his services in those cases above the $2500 limitation placed upon his right to fees as county attorney. If that were correct it would still not furnish a sound reason why this court should supply the omission by construction, for the Legislature might well presume that the officer would do his duty, whether compensated or not, so long as he should hold the office. But we are of opinion that the same fees that are allowed to the prosecuting attorney for

collecting penalties under the law of 1903 will apply to collections of penalties for violations of the law of 1899, because in each case the prosecution and collection must be under the law of 1903. It follows that the collecting of penalties accruing under the law of 1899 comes within this language of the Act of 1903: "And it shall be the duty of the Attorney-General, or the district or county attorney under the direction of the Attorney-General, to prosecute for the recovery of the same, and the fees of the prosecuting attorney for representing the State in proceedings under this Act shall be over and above the fees allowed him under the general fee bill." The defendant in error would be entitled to the benefit of that provision.

It is said that the construction which we place upon the statute would deprive the county attorney of the ability to employ counsel to aid in prosecution of such cases, but the State is not without counsel in any event, because by article 5, section 21, of the Constitution, it is provided: "The county attorneys shall represent the State in all cases in the district and inferior courts in their respective counties. . . . . County attorneys shall receive as compensation only such fees, commissions and perquisites as may be prescribed by law." The change of the law in these and other particulars may render the service less efficient than under the old statute, but, as we have said before, that was a matter for the Legislature to decide upon and not for this court to supply the omission of that department.

In the oral argument the constitutional right of the citizen to employ and pay counsel was invoked. If a citizen were denied that right we would deal with that question, but such is not the case. If it were the case of a citizen whose rights are in question he might waive the right or he could make his own terms as to fees. The State has no less power in the transaction of her business and is asserting this right of control; the attorney complains.

The District Court erred in entering judgment against the State and the Court of Civil Appeals erred in affirming that judgment, wherefore it is ordered that the judgments of the District Court and Court of Civil Appeals be reversed and judgment be here rendered in favor of the State of Texas for the excess of fees collected by defendant in error as agreed upon by the parties and found by the Court of Civil Appeals, with six percent interest per annum on each sum so received from the date of collection to this date, to wit: in the sum of Ten Thousand Eight Hundred and Seventy-five and 76-100 Dollars, together with all costs of all courts.

*Reversed and rendered.*