## SCHOOL DISTRICT NO. 33, CHOCTAW COUNTY, v. TRICE et al.

No. 25203. Feb. 6, 1934.

Withdrawn, Corrected, and Refiled Feb. 16 ,1934.

Rehearing Denied May 22, 1934.

D. A. Stovall, and Ralph K. Jenner, for plaintiff in error.

A. W. Trice and Burke & Trice, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Choctaw county in favor of the members of the county excise board of Choctaw county, who were the defendants in the trial court, against school district No. 33 of Choctaw county, the action being brought for the benefit of itself and other school districts in that county similarly situated, who was the plaintiff in the trial court.

In its petition the plaintiff prayed for a writ of mandamus requiring the defendants to convene as the excise board of Choctaw county and to levy 12.86 mills ad valorem tax against the property in school district No. 33 for the current expenses of that school district for the fiscal year commencing July 1, 1933, and to make proper appropriations for those purposes in the amounts so provided.

The record shows that school district No. 33 of Choctaw county held an election on March 28, 1933, for the purpose of considering the rate of ad valorem tax levy for the fiscal year commencing July 1, 1933; that the result of that election was to authorize an ad valorem tax levy of 10 mills over and above the 5-mill levy then authorized by law; that it filed with the county excise board its financial statement and estimate of needs for the fiscal year in question; that the amount estimated required the 15-mill ad valorem tax levy; that the excise board, under the authority granted to it by the amendment to section 9, article 10, of the Constitution (State Question No. 185, Referendum Petition No. 61, adopted August 15, 1933), allocated to the school district the sum of 5 mills; that it added that amount to the 10 mills authorized by the school district voters at the election, making the approved rate of levy for current expense purposes for the school district 15 mills for the fiscal year in question; that it ascertained that the total assessed valuation of the school district was $37,940; that, in accordance with its interpretation of its duty, it calculated that the maximum amount that could be raised by ad valorem taxation on the valuation by a tax at the rate of 15 mills was $569.10, and deducted from that amount the sum of $146.47, the receipts apportioned to the school district from the income tax derived under the provisions of chapter 195, Session Laws 1933, and $239.40, the amount of estimated receipts accruing to the school district under

the provisions of section 2, chapter 196, Session Laws 1933, leaving the sum of $183.25, which amount it determined to be the amount necessary to be raised by ad valorem taxation; that it computed the rate of ad valorem tax levy for current expense purposes for the school district for the fiscal year in question to be 4.9 mills; that, in order to prevent the fixing of the rate of levy in question at that amount, this action was instituted in the district court of Choctaw county, and that that court was asked to issue a writ, the ultimate effect of which would be to fix the rate of levy at 12.86 mills.

No attack is made on the proceeding of the excise board in fixing the rate of levy at 4.9 mills, but it is contended by the school district that the average reduction of ad valorem tax levies for school districts throughout the state, as estimated by the State Examiner and Inspector, is 2.14 mills; that the reduction of the levy of this school district was 10.1 mills, and that it is necessary that the rate of levy be increased to 12.86 mills in order that this school district may have the advantage of the state aid under the provisions of chapter 34, article 21, O. S. 1931, commonly referred to as the "weak school" law. That contention is based on a provision of subdivision (a), of section 2, chapter 196, Session Laws 1933, the Sales Tax Law, as follows:

"* * * None of the provisions of this act shall prevent any school district from receiving state aid, under the provisions of chapter 34, article 21, Oklahoma Statutes 1931, provided such school district shall not have reduced its ad valorem levy more than the average reduction of all such levies throughout the state, by virtue of the moneys received from the operation of this and similar acts; provided, however, that when the ad valorem levy of any such district shall be reduced greater than such average reduction throughout the state, then such school district shall increase its said ad valorem levy to equal the average of such levies throughout the state, before such school district shall be entitled to receive such state aid; privided, further, no such increase of levies shall prevent such district from receiving its otherwise proportionate portion of funds as provided by subsections (a) and (c) of this section, and other provisions of law."

Under the provisions of the "weak school" law, one of the requirements for state aid is that the school levy be not less than 15 mills.

Under the amendment to the state Constitution, supra, 15 mills is authorized to be levied for governmental purposes. The discretion in allocating this 15 mills among county, city, and school district is vested in the excise board. Each school district is authorized to vote an additional 10 mills for school purposes, and when a school district votes that 10 mills, it has done all within its power to provide for the maximum levy authorized by law. Neither the school district nor its electors can control the action of the excise board when its discretion is properly exercised. If the excise board, in the proper exercise of its discretion, fails to allocate to the school district as much as 5 mills for school purposes thereby making the total authorized levy for school purposes less than 15 mills, the school district should not be deprived of state aid because the levy made does not equal 15 mills.

Under the provisions of section 3, chapter 195, Session Laws 1933, the 1933 Income Tax Law provides:

"* * * None of the provisions of this act shall prevent any school district from receiving state aid under the provisions of chapter 34, art. 21, Oklahoma Statutes, 1931; provided, such school district shall have levied an ad valorem tax which, when added to its quota under this act, shall equal a levy of fifteen mills; and such action by any school district shall be a full compliance with the requirements of said act, and shall entitle any such school district to state aid out of the 'Special Common School Equalization Fund' provided by said act, in all respects, as though this act had never been passed."

No such provision was included in the Sales Tax Law, supra.

The provision of the Sales Tax Law hereinbefore quoted, that none of the provisions of that act should prevent any school district from receiving state aid under the provisions of chapter 34, article 21, O. S. 1931, is identical with the provision in the Income Tax Law, but the provisos thereto are materially different, the proviso thereto in the Sales Tax Law being that such school district shall not have reduced its ad valorem tax levy more than the average reduction of all such levies throughout the state, by virtue of the moneys received from the operation of that and similar acts. Since the act makes no provision as to when or how such average reduction of all such levies throughout the state shall be ascertained or who shall ascertain such average reduction, that portion of the act is void

for uncertainty. The provisions of the act are severable. Section 15, c. 196. This decision, therefore, does not affect or impair any of the remaining parts or provisions of the act, except only the next two provisos which are hereinbefore quoted. They are so dependent upon the proviso hereinbefore quoted held to be inoperative and void that they must fail.

We, therefore, hold that all of that portion of subdivision (a), section 2 of the Sales Tax Law, supra, as follows:

" * * * Provided such school district shall not have reduced its ad valorem levy more than the average reduction of all such levies throughout the state, by virtue of the moneys received from the operation of this and similar acts; provided, however, that when the ad valorem levy of any such district shall be reduced greater than such average reduction throughout the state, then such school district shall increase its said ad valorem levy to equal the average of such levies throughout the state, before such school district shall be entitled to receive such state aid; provided, further, no such increase of levies shall prevent such district from receiving its otherwise proportionate portion of funds as provided by subsections (a) and (c) of this section and other provisions of law"

—is ineffective and void; and that the provision thereof that:

"None of the provisions of this act shall prevent any school district from receiving state aid, under the provisions of chapter 34, article 21, Oklahoma Statutes 1931 * * *"

—is operative when the rate of levy is 15 mills, or the maximum rate of levy authorized by statute, when that rate of levy has been reduced by deducting the amount available to any such school district from funds to be distributed to it under the provisions of that act, together with any other moneys received for like purposes under the provisions of chapter 195, Session Laws 1933.

Since the school district is entitled to state aid under the levy made by the excise board, the prayer of the petitioner for a writ is denied, and the judgment of the trial court denying a writ is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.