**STATE ex rel. McKEE et al. v. OKLAHOMA TAX COMMISSION et al.**

No. 27516. Nov. 28, 1936.

Miley, Hoffman, Williams, France & Johnson, for plaintiffs.

C. D. Cund, C. W. King, A. L. Herr, and Wendell Barnes, for defendant Oklahoma Tax Commission.

Bleakmore, Barry, Farmer & Lee, Cruce, Satterfield & Grigsby, Rainey, Flynn, Green & Anderson, and M. D. Green, amici curiae.

OSBORN, V. C. J.    This is an original action instituted in this court in the name of the state on relation of three owners of property subject to ad valorem taxation by school districts of the state, in behalf of themselves and all other property owners similarly situated, against the Oklahoma Tax Commission, the State Treasurer, and the State Auditor, wherein it is sought by mandamus to compel the apportionment to the various counties of the state and payment to the respective treasurers thereof, of certain funds derived from that part of the proceeds of the collection of income taxes levied under the provisions of income tax acts of 1931 (art. 7, ch. 66, S. L. 1931) and of 1933 (ch. 195, S. L. 1933) for the support of the common schools, which funds have become available for apportionment since July 1, 1935.

There is no dispute as to the facts. It is agreed that prior to the first day of July, 1935, taxes levied under and by virtue of article 7, chapter 66, Session Laws 1931 (page 236), and chapter 195, Session Laws 1933 (page 426), have accrued and come into existence as enforceable claims on net incomes, as defined in said acts, of persons subject to the provisions thereof, for the years 1931, 1932, 1933, and 1934. Prior to said date, the Oklahoma Tax Commission had collected and there had been paid to it under protest the sum of $399,381.77 on such taxes that had accrued under the 1931 Act, on net incomes for the years 1931 and 1932, and the further sum of $123,543.52 on such taxes that had accrued under the 1933 Act on net incomes for the years 1933 and 1934, and which sums had been segregated in the State Treasury and were then being withheld from apportionment pending the final determination of actions that had been brought by the taxpayers to recover the same as provided in said acts. Subsequent to that date the proceedings to recover said sums finally terminated in favor of the Oklahoma Tax Commission and said sums thereupon became available for apportionment as provided by law. Subsequent to the first day of July, 1935, the Oklahoma Tax Commission collected on such taxes that had accrued prior thereto under the 1931 Act on net incomes for the years 1931 and 1932 the further sum of $192,222.20, and under the 1933 Act on net incomes for the years 1933 and 1934 the further sum of $1,168,977.50. The total sum so collected, amounting to $1,884,124.99, was deposited in the State Treasury from time to time as collected and has not been expended for any purpose and is now in the custody of the defendant, State Treasurer, and available for apportionment and distribution. It further appears that the Oklahoma Tax Commission will collect and deposit in the State Treasury further sums arising from taxes levied under the provisions of said acts.

It is the contention of plaintiffs that the funds hereinabove referred to are to be apportioned to the common schools of the state under the provisions of the 1931 and 1933 Acts, while it is the contention of defendants that said acts were repealed by the income tax acts of 1935, and under the provisions of that act said funds are to be credited to the general revenue fund of the state. In this connection it will be necessary to refer to the pertinent provisions of various acts providing for the levy, collection and distribution of said income taxes.

Article 7, chapter 66, Session Laws 1931 (hereinafter referred to as the 1931 Act), is, in part, as follows:

"Section 2.    It is hereby declared to be the purpose of this act to provide for the reduction of the rate of ad valorem taxation throughout the state, so far as may be; and, for that purpose and to that end, it is hereby expressly provided that the revenue derived from the tax hereby imposed shall be used for the following purposes:

"Three-fourths for the support of common schools, upon a scholastic enumeration per capita distribution basis; and one-fourth for the expenses of state government:

"Funds available for distribution for the support of common schools shall be distributed to the various counties in accordance with existing law for distribution of like funds. * * *"

"Section 29.    All acts or parts of acts in conflict herewith are hereby expressly repealed. **Provided, that this act shall not repeal or affect existing income tax law, as to taxes already accrued,** nor be construed to repeal the enforcement or penal provisions

of the present income tax law, as to income taxes accrued and unpaid."

Chapter 195, Session Laws 1933 (hereinafter referred to as the 1933 Act), in part provides:

"Section 2. The provisions of this act shall apply only to the taxable year 1933 and succeeding taxable years. Rates of income taxes for taxable years preceding the ·taxable year 1933 shall not be affected by the provisions of this act, but shall remain subject to the other applicable provisions of prior laws.

"Section 3. It is hereby declared to be the purpose of this act to provide for the reduction of the rate of ad valorem taxation throughout the state, so far as may be; and, for that purpose and to that end, it is hereby expressly provided that the revenue derived hereunder from all taxes and penalties and interest thereon, shall be used for the following purposes:

"(a) Ninety-five per centum of such moneys· shall be apportioned as follows, to-wit: One-fourth thereof for the expenses of state government; and three-fourths thereof for the support of common schools, to be distributed upon a scholastic enumeration per capita basis, as provided by law.

"(b) Funds available for distribution for the support of common schools shall be distributed to the various counties in accordance with existing law for distribution of like funds. * * *

"Section 43. * * * All of art. 15, chapter 66, Oklahoma Statutes, 1931, being an act imposing a general income tax, and House Bill Number one (1), passed by the Fourteenth Legislature of Oklahoma, 1933, approved April 8, 1933, relating to income taxes; and all other acts or parts of acts in conflict herewith, are hereby expressly repealed; provided, that this act shall not repeal or affect the enforcement and collection of accrued taxes and penalties under any of said acts, but the provisions hereof, as to procedure and legal remedy, shall be the available and exclusive remedy in all cases arising under this act and prior income tax laws."

Article 6, chapter 66 (p. 286), Session Laws 1935 (hereinafter referred to as the 1935 Act), in part provides:

"Section 2. The provisions of this act shall apply to the taxable year of 1935 and succeeding taxable years. Rates of income tax for taxable years preceding the taxable year 1935 shall not be affected by the provisions of this act, but shall remain subject to the provisions of prior laws.

"Section 3. It is hereby declared to be the purpose of this act to provide revenues for general governmental functions of state government; and, for that purpose and to that end, it is expressly declared that the revenues derived herefrom, and penalties and interest thereon, shall be distributed as follows:

"(a) Ninety-five (95%) per centum of such moneys shall be apportioned to the general revenue fund of the state for the support of the state government to be paid out, only pursuant to appropriation by the Legislature.

"(b) Three (3%) per centum of such moneys shall be placed to the credit of the 'Oklahoma Tax Commission Fund' as provided in House Bill 693, Fourteenth Legislature of Oklahoma, 1933, approved April 24, 1933; and two (2%) per centum of such moneys shall be placed to the credit of a fund out of which shall be paid refunds and interest as hereinafter provided, to which taxpayers shall be entitled under the provisions of this act or any previous income tax law of the State of Oklahoma and for no other purpose. * * *

"Section 42, chapter 195, Oklahoma Session Laws 1933, and all acts, or parts of acts, in conflict herewith are hereby repealed; provided, however, **this section shall not operate to affect or repeal any existing income tax laws and the enforcement provisions thereof,** in so far as same apply to income taxes accrued thereunder."

At the outset it may be pointed out that each of the acts constitutes a tax code, complete within itself, within the purview of section 57, article 5, of the Constitution. Each act provides the purpose for which the tax is to be levied. Rate provisions, collection and enforcement provisions, and provisions for the distribution and application of the revenues to be derived from the tax, were enacted without reference to, or reenactment of, similar provisions contained in former acts.

In support of the view that the 1931 Act was repealed by the 1933 Act, which was in turn repealed by the 1935 Act, defendants refer to the general rule that a statute revising the whole subject matter of former acts, containing in the main the provisions of the former acts, and evidently intended as a substitute for them, although it contains no express words to that effect, operates to repeal the former acts, citing Smock v. Farmers' Union State Bank, 22 Okla. 825, 98 P. 945; Hine v. Gokey, 23 Okla. 870, 102 P. 77; State ex rel. Oklahoma City v. Superior Court of Oklahoma County, 40 Okla. 120, 136 P. 424. Defendants also refer to the rule that the saving clause or proviso of a repealing statute which preserves some right must be strictly construed so as not to include anything not fairly within the terms of the reservation, citing State

v. Brady, County Treasurer (Tex.) 118 S. W. 128; Walsh v. Alaska Steamship Company (Wash.) 172 P. 269; Cushman v. Hale (Vt.) 35 Atl. 382.

In the case of Pasley v. Union National Bank, 137 Okla. 171, 278 P. 621, it was said:

" 'The great fundamental rule in construing statutes is to ascertain and give effect to the intention of the Legislature. This intention, however, must be the intention as expressed in the statute, and where the meaning of the language used is plain, it must be given effect by the courts, or they would be assuming legislative authority.'

"In Scott v. Brakel, 43 Okla. 655, 143 P. 510, this court, in the body of the opinion, said:

" 'The most elementary canon of construction is that where the meaning of the language used by the Legislature is plain, it must be given effect by the courts. Otherwise, say the authorities, the courts would be assuming legislative authority.' Citing C., O. & G. R. R. Co. v. Alexander, 7 Okla. 591, 54 P. 421."

In the case of McCain v. State Election Board, 144 Okla. 85, 289 P. 759, it was held:

"Where the language of a statute is plain and unambiguous and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself."

With these principles of statutory construction in mind we turn to a consideration of the pertinent provisions of the various acts. Section 43 of the 1933 Act is the repealing clause. The applicable language of said section is "All of article 15, chapter 66, Oklahoma Statutes 1931 (1931 Act) * * *: and all other acts or parts of acts in conflict herewith, are hereby expressly repealed: provided, that this act shall not repeal or affect the enforcement and collection of accrued taxes and penalties under any of said acts, but the provisions hereof as to procedure and legal remedy, shall be the available and exclusive remedy in all cases arising under this act and prior income tax laws." Notwithstanding other language found in the act from which a contrary intent might be inferred, the quoted language operates to effect a complete repeal of all provisions of the former acts except in so far as the enforcement and collection of taxes and penalties accrued under the former acts are concerned. This provision by its own positive terms repeals the distribution provisions of the former acts so that from and after the effective date of the 1933 Act it was necessary to distribute the revenues received un-

der said act in accordance with the distribution provisions contained therein.

Of the 1935 Act, section 42 is the repealing clause. We requote the same in full as follows:

"Chapter 195, Oklahoma Session Laws, 1933, and all acts, or parts of acts, in conflict herewith are hereby repealed; provided, however, this section shall not operate to affect or repeal any existing income tax laws and the enforcement provisions thereof, in so far as same apply to income taxes accrued thereunder."

It is noted that there is very little similarity between this section and the repealing clause of the 1933 Act, but the language used is clear and explicit and therefore is not subject to construction. The only conclusion deducible from said language, taken in connection with all of the other provisions of the act, is that in so far as income taxes accrued under former acts were concerned the provisions of said acts should neither be affected nor repealed.

In order to cast light upon the general legislative policy in discharging the duty cast upon it by the Constitution to establish and maintain a public school system, we are referred to a contemporaneous act of the Legislature, the same being article 5, chapter 34, Session Laws 1935, effective July 1, 1935 (p. 142), providing for an appropriation for public schools in the sum of $8,200,000 for each of the fiscal years ending June 30, 1936, and June 30, 1937. It is stated that the sum appropriated is practically double the amount received under the income tax laws of 1931 and 1933; that funds received under these acts were insufficient to permit the schools to function properly and the increased revenue was provided in compliance with popular demand. Section 6 of said appropriation act provides as follows:

"All state funds and revenues, other than those mentioned in section 3, article 11, of the Constitution of Oklahoma, which under prior laws have been levied for and/or paid to the common schools of the state, or the weak schools under the provisions of acts relating to the common school equalization fund, shall hereafter be levied for and/or paid into the general revenue fund of the state and be used to defray the expenses of state government. It is expressly provided that it is not the intention of the Legislature to repeal any law the revenues from which have been levied and paid into a fund for the benefit of the common schools, but it is the intention of the Legislature that such revenues shall hereafter be paid into the general revenue fund as herein provided, and there-

after appropriated by law for such uses and purposes as may be provided by law. Provided, that nothing in this act shall affect the distribution of revenues derived and distributed under provisions of chapter 66, article 12, Oklahoma Statutes 1931, as amended by chapter 103, Oklahoma Session Laws 1933, as amended by House Bill No. 87, of the Fifteenth Legislature, approved by the Governor on April 1, 1935, and under the provisions of chapter 153, House Bill No. 647, Session Laws of 1933."

Plaintiffs contend that the above-quoted section is invalid and unconstitutional under that part of section 57, article 5, of the Constitution which provides "every act of the Legislature shall embrace but one subject which shall be clearly expressed in its title" and under that part of section 56 of article 5 which states that all appropriations other than those included in the general appropriation bill "shall be made by separate bills, each embracing but one subject." Defendants do not urge a decision on this point, nor do we express any opinion thereon, but they contend that even though the above section is unconstitutional, it is entitled to consideration by the court as declaratory of the intent or policy of the Legislature in dealing with school funds and shows a change of policy to the effect that direct appropriations were thereafter to be made from the general fund for the use and benefit of the schools and that said funds theretofore levied for the benefit of the schools should thereafter be diverted into the general revenue fund by way of compensation or reimbursement to said fund.

We fully appreciate the force of defendants' argument, but we are unable to follow the same to its ultimate conclusion. Giving effect to the above-quoted provision as a declaration of policy only, in connection with contemporaneous legislation, it is clear that there was established by the Fifteenth Legislature a definite change of policy in providing revenues for the support of the common schools. The meaning of section 6, supra, is not clear. In view of the language used, it does not appear whether said provision was intended to be retroactive or prospective in its effect. It is noted, however, that article 5, chapter 34, S. L. 1935, and the 1935 Act were both approved on April 23, 1935. By section 7 of article 5, chapter 34, S. L. 1935, it was expressly provided that the provisions of the act should not take effect until the first day of July, 1935. If it had been the intention of the Legislature by the enactment of section 6, supra, to declare its policy that funds and revenues levied under prior acts for the benefit of common schools, which funds were then undistributed or uncollected, should be diverted to the general revenue fund of the state, we find no reason for postponement by the Legislature of the effect of the act until July 1, 1935, for it must have been contemplated that there would be a collection of some delinquent income taxes in the interim. Moreover, language could have been used by the Legislature clearly expressing such intent.

The express purpose of the 1931 and 1933 Acts was not to improve the fiscal condition of the common schools and increase revenue for the support and maintenance thereof, but to reduce ad valorem taxation in the districts. To that end it was expressly provided that when apportionments were made to the school districts of the revenues received by virtue of the levies of income tax, the ad valorem levy of such districts should be reduced in a corresponding amount. The funds in question must be used for the purpose and in the manner so specifically provided by the Legislature. Delaware County Excise Board v. St. Louis-S. F. R. Co., 173 Okla. 574, 49 P. (2d) 523. In the 1935 Act it was expressly declared that the purpose of said act was to provide revenues for the general governmental functions of state government. The effect of our decision in this case is not to improve the fiscal condition of the school districts at the expense of the general revenue fund of the state, but to reduce the rate of ad valorem taxation for each school district within the state, thereby effectuating the purpose for which the funds involved herein were originally levied and to which purpose they would have been applied had they been paid and distributed as contemplated by the acts. We are therefore impelled to conclude that section 6, article 5, chapter 34, S. L. 1935, was not intended to declare a policy of diverting funds which had accrued under prior income tax laws to the general fund of the state, but was intended to operate prospectively only.

Accordingly, the writ will be granted requiring the distribution of the funds involved herein in accordance with the views herein expressed, but the issuance of the writ will be held pending the finality of this opinion.

McNEILL, C. J., and RILEY, BAYLESS, BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur.