## EMPIRE PIPE LINE CO. et al. v. EXCISE BOARD of LOGAN COUNTY.

No. 27631.   Jan. 26, 1937.

Mastin Geschwind and Albert Loughmiller, for plaintiffs in error.

C. E. Barnes, for defendant in error.

W. F. Farmer and C. H. Rosenstein, amici curiae.

GIBSON, J. This cause originated in the Court of Tax Review, wherein plaintiffs in error sought by proper protest to compel the reduction of ad valorem tax levy for current expenses of school district No. 54 of Logan county for the fiscal year 1936-1937. From a judgment denying the protest the taxpayers have appealed. The plaintiffs in error are referred to herein as protestants, and defendant in error as defendant or the excise board.

The question presented on this appeal is whether or not the excise board is required by the provisions of the 1931 and 1933 Income Tax Laws to reduce the rate of the ad valorem tax levy for current expenses of said school district for the year 1936-1937 by the amount of the district's proportionate share of the cash in the hands of the State Treasurer on June 30, 1936, representing income taxes accrued under the provisions of said laws and collected during the year ending June 30, 1936.

We have recently held in State ex rel. McKee v. Oklahoma Tax Commission, 178 Okla. 254, 63 P. (2d) 1, that the identical tax collections here under consideration should be distributed in accordance with the provisions of the 1933 Income Tax Law, chapter 195, S. L. 1933, and particularly section 3 thereof, which reads, in part, as follows:

"Section 3. It is hereby declared to be the purpose of this act to provide for the reduction of the rate of ad valorem taxation throughout the state, so far as may be and, for that purpose and to that end, it is hereby expressly provided that the revenue derived hereunder from all taxes and penalties and interest thereon, shall be used for the following purposes:

"(a) Ninety-five per centum of such

moneys shall be apportioned as follows, to-wit: One-fourth thereof for the expenses of state government; and three-fourths thereof for the support of common schools, to be distributed upon a scholastic enumeration per capita basis, as provided by law.

"(b) Funds available for distribution for the support of common schools shall be distributed to the various counties in accordance with existing law for distribution of like funds, and thereafter; (sic) in determining the amount of funds to be approved for expenditure for general expense purposes by any school district, the county excise boards of the several counties of the state shall be limited by the laws in force at and prior to the passage of this act, without regard to the amount available to any such school district from funds distributed under the provisions hereof; and from such total amount thus determined, shall deduct the amount available to such school district from funds to be distributed to it under the provisions of this act, and after making such deduction shall compute and make the the tax levy necessary to raise the remaining portion of such approved estimate, it being the intent and purpose of this act to reduce the total maximum mill-rate levy, upon an ad va'orem basis, in a sum equal to the amount distributed to any such district from the proceeds hereof."

The 1931 law contained substantially the same provisions, and since the passage of that act and until 1936 the excise board has used Logan county's portion of the income tax collected and on hand in the State Treasury on the last day of each fiscal year for the reduction of the ad valorem school levy for the next succeeding year, respectively.

On June 30, 1936, the Oklahoma Tax Commission instructed the State Treasurer to credit said income tax collections to the general revenue fund of the state. However, we are told in the oral argument of this case that after our decision in the McKee Case, supra, the school district involved here and the other school districts of the state have received their proportionate shares of the income taxes in the hands of the State Treasurer on June 30, 1936.

Protestants contend that under the plain provisions of section 3 of the 1933 Act, supra, the excise board, after establishing under existing laws the needs of the school district for the ensuing year to be financed by ad valorem levy, was charged with the mandatory duty to deduct therefrom the district's proportionate share of these funds in the hands of the State Treasurer on June 30, 1936, although said funds were illegally withheld and were not in the hands of the school district treasurer on that date.

On the other hand, the excise board takes the position that there exists no authority for considering the item of income tax and deducting same after settling the estimated needs of the district and when making the levy therefor (section 1, art. 13, ch. 66, S. L. 1935; sec. 12678, O. S. 1931, as amended by Laws 1933, c. 85). To include such item, says the board, would destroy the truthfulness of the financial statement required to be submitted by the district under section 11, ch. 115, S. L. 1933, and upon which the excise board bases its calculation of appropriations and levy. Such statement must show "the true fiscal condition" of the school district "as of the close of the previous year.* * *" In this connection it is said that the item in question was not on hand at the close of the previous fiscal year, 1935-1936, and that to consider it in preparing the ad valorem levy for the year 1936-1937 would, in effect, result in including it in the financial statement as aforesaid, which may not be done under the decisions of this court. Protest of Trimble, 151 Okla. 74, 300 P. 406; Protest of C., R. I. & P. Ry. Co., 150 Okla. 167, 1 P. (2d) 383; Board of Education v. Excise Board of Oklahoma Co., 175 Okla. 263, 53 P. (2d) 565.

The cited cases are not applicable here. They do not deal with the income tax statutes here under consideration. The funds here considered are not assets of the school district to be taken into account in determining the financial condition of the district at the close of the fiscal year, nor are they miscellaneous income from sources other than ad valorem taxes capable of being appropriated by the excise board to finance the needs of the school district. To so hold would be to permit an increase in appropriations. Such was not the purpose of the law under consideration, but on the contrary its purpose was, as it is expressed in the act itself, "to provide for the reduction of the rate of ad valorem taxation throughout the state. * * *" In the McKee Case, supra, we said:

"The express purpose of the 1931 and 1933 Acts was not to improve the fiscal condition of the common schools and increase revenue for the support and maintenance thereof, but to reduce ad valorem taxation in the districts. To that end it was expressly provided that when apportionments were made to the school districts of the revenues received by virtue of the levies of income tax, the ad valorem levy of such districts

should be reduced in a corresponding amount. The funds in question must be used for the purpose and in the manner so specifically provided by the Legislature. Delaware County Excise Board v. St. Louis-S. F. R. Co., 173 Okla. 574, 49 P. (2d) 523."

We have not heretofore been called upon to determine the exact question here presented, although the question was incidentally considered in School District No. 33 v. Trice, 168 Okla. 344, 32 P. (2d) 906. There the decision recognizes apparently without argument the correctness of the trial court's holding that the excise board must deduct from the amount that might be raised from the maximum authorized ad valorem levy the school district's proportionate share of the income tax accrued and available for distribution to it. That decision, when considered with the fact that the officers charged with the administration of the duties imposed by the statute have at all times until 1936 so construed the same, furnishes a reasonably sufficient guide to a determination of the legislative intent, which, after all, is the question of ultimate concern here.

By the plain terms of the statute in question the Legislature has dedicated to a particular purpose the funds to accrue thereunder to each school district. The evident intent was that the item should be applied as therein directed, free from the operation of more or less related statutes pertaining to the subject of ad valorem levy.

In the McKee Case, supra, we said:

"At the outset it may be pointed out that each of the acts constitutes a tax code, complete within itself, within the purview of section 57, article 5, of the Constitution. Each act provides the purpose for which the tax is to be levied. Rate provisions, collection and enforcement provisions, and provisions for the distribution and application of the revenues to be derived from the tax, were enacted without reference to, or re-enactment of, similar provisions contained in former acts."

In our opinion, the Legislature clearly intended that income taxes in the hands of the State Treasurer on the last day of the fiscal year (in this case on June 30, 1936) were "available for distribution"; that it was contemplated that prompt distribution thereof would be made to the school districts, and that the excise boards were required to use such income taxes to reduce ad valorem tax levies for the fiscal year current at the time of the receipt of such funds.

The excise board contends that the funds in question were not "available for distribution" to the school district for the reason that the administrative officials were contending that these funds belonged to the general revenue fund of the state, and on June 30, 1936, the Oklahoma Tax Commission had instructed the State Treasurer to credit the income taxes on hand at that date to that fund. This was not sufficient to change the legal status of the funds, said funds being actually on hand and unexpended. The fact that the administrative officers failed in their duty to distribute the funds as contemplated by the act cannot destroy the taxpayers' right to have the funds placed where, in law, they belong. See Brunson v. Commissioners of the Land Office, 145 Okla. 219, 292 P. 562.

The judgment is reversed and the cause remanded, with directions to sustain the protest to the extent of the income taxes distributed to the school district.

OSBORN, C. J., and BUSBY, WELCH, PHELPS, and HURST, JJ., concur. BAYLESS, V. C. J., and CORN, J., dissent. RILEY, J., absent.